IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:07-CR-61 |
| | ) | (Varlan / Guyton) |
| FREDERICK BLACK, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter is before the Court on Defendant Frederick Black's Motion for Defendant to be Allowed Time to Conduct Legal Research [Doc. 20]. Mr. Black has been detained pending trial. [Doc. 5]. Mr. Black states that he is housed at the Knox County detention facility where, in the past, he has been afforded one hour per month to conduct legal research. Mr. Black asserts that while this amount of time was not sufficient to allow him to adequately assist his counsel, at present he is not allowed *any* time to conduct legal research. Mr. Black asks that this Court issue an order directing the Knox County Sheriff to afford Mr. Black time for legal research that is reasonable in time and duration.

In Bounds v. Smith, 430 U.S. 817, 822 (1977), the Supreme Court held that "inmate access to the courts [must be] adequate, effective, and meaningful." The Sixth Circuit has held that in Bounds the Supreme Court did not establish a general constitutional right to some minimum amount of time in the prison law library. Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir. 1985). "Moreover,

prison regulations which reasonably limit the times, places, and manner in which inmates may engage in legal research and preparation of legal papers do not transgress the constitutionally protected rights so long as the regulations do not frustrate access to the courts." Skelton, 963 F.2d at 104 (quoting Walker v. Mintzes, 771 F.2d 920, 932 (6th Cir. 1985) in turn quoting with approval the language of the Tenth Circuit in Twyman v. Crisp, 584 F.2d 352 (10th Cir.1978)).

The Court has no information about the regulations of the Knox County Detention Center, however in this case such information is not necessary to the disposition of this motion. Mr. Black is represented by counsel. In the Sixth Circuit, once counsel is appointed, any constitutional obligation to provide full access to courts has been satisfied. See Skelton v. Pri-Cor, Inc., 963 F.2d 100, 104 (6th Cir. 1991)(represented pretrial detainee in Greene County, tennessee jail not denied access to courts by restrictive library rules); Holt v. Pitts, 702 F.2d 639, 640 (6th Cir. 1983)(once counsel appointed, state has fulfilled constitutional obligation to provide full access to courts); c.f., Bounds v. Smith, 430 U.S. 817, 822 (1977)(pro se prisoners must have access to law books and materials because they have no counsel to ensure access to the courts).

The Court finds that Mr. Black has not been denied full access to the courts and finds no other basis for relief in his motion. Accordingly, Motion for Defendant to be Allowed Time to Conduct Legal Research **[Doc. 20]** is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

    s/ H. Bruce Guyton
United States Magistrate Judge