IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 3:07-CR-61 (Varlan / Guyton) |
| FREDERICK BLACK, | ) ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This matter came before the Court on January 23, 2008, upon Frederick Black's Motion to Continue [Doc. 22]. This hearing was conducted by the undersigned on behalf of Magistrate Judge H. Bruce Guyton. Frederick Black was present in court with his attorney, Brian Hunt. Assistant United States Attorney Tracy L. Stone was present on behalf of the United States.

In support of his request to continue the trial date, counsel for Defendant Black reports that he has been unable to complete certain elements of the factual investigation, despite his best efforts. The government did not oppose the request for continuance. Attorney Hunt and AUSA Stone informed the Court that they have a genuine forensic issue as to the actual weight of the drugs for which Mr. Black could be held responsible at trial or sentencing. The parties are attempting to resolve their disagreement without the Court's intervention, as encouraged by the Order on Discovery and Scheduling. The government has agreed to some forensic testing requested by the

defense, but the logistics of this course of action have proven unexpectedly complicated, as was specifically described to the Court at the hearing.

Attorney Hunt stated that he believed a continuance of the trial date was in Mr. Black's best interest given the potential impact of the testing on his defense. Mr. Black agreed with his attorney's statement and confirmed that he understood he will remain in custody pending the new trial date.

Given the representations of the parties, the Court found that the ongoing factual investigation is of fundamental importance to the defendant, to include a good faith investigation of the accuracy of quantities of drugs alleged to be attributable to the defendant. At the conclusion of the hearing, the Court found that the ends of justice served by granting a continuance outweigh the interest of the defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(8)(A). Given the approaching January 30, 2008, trial date, the Court found that the failure to grant a continuance would deprive the defendant of the time to complete his investigation and prepare for trial. See 18 U.S.C. § 3161(h)(1)(F). The Court found that without a continuance the defendant would be deprived of the opportunity to pursue this important aspect of his defense. Compare, Ungar v. Sarafite, 376 U.S. 575, 589 (1964) ("The matter of continuance is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence" as a result); with United States v. Garner, 507 F.3d 399, 408 (6th Cir. 2007) (reversible error where "the continuance would have made relevant witnesses available *or added something to the defense*," resulting in actual prejudice to the defense [emphasis in original]) (quoting United States v. King, 127 F.3d 483, 487 (6th Cir. 1997). After the testing has been completed, both Mr. Black and the United States will need a reasonable time to prepare for trial

given the results. Absent a continuance of the fast approaching trial date, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(8)(B)(iv).

Mr. Black's Motion to Continue **[Doc. 22]** was **GRANTED**. The trial of this matter is reset to **May 13, 2008, at 9:00 a.m.** before the Honorable Thomas A. Varlan, United States District Judge. The Court also finds, and the parties agree, that all the time between the January 18, 2008, filing date for the instant motion and the new trial date of May 13, 2008, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(F), (J), and (h)(8)(A)-(B).

**IT IS SO ORDERED.**

ENTER:

s/ C. Clifford Shirley, Jr.
United States Magistrate Judge