UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 3:07-CR-61 |
| v. | ) | |
| | ) | |
| FREDRICK O. BLACK, | ) | (VARLAN / GUYTON) |
| | ) | |
| Defendant. | ) | |
| | ) | |

**REPORT AND RECOMMENDATION**

This case is before the Court on the Defendant's Motion Pursuant to Federal Rule of Criminal Procedure Rule 41(g) for Return of Property [Doc. 104], referred [Doc. 106] to the undersigned on August 19, 2013. The Defendant requests the return of personal property, which he states was impounded at the time of his arrest, including a Motorola cellular telephone, a Motorola wireless headset, and $48 in currency. Rule 41(g), formerly Rule 41(e), of the Federal Rules of Criminal Procedure provides, in pertinent part, that "[a] person aggrieved by an unlawful search and seizure of property or the deprivation of property may move for the property's return . . . in the district where the property was seized." The Rule also requires the Court to "receive evidence on any factual issue necessary to decide the motion." Fed. R. Crim. P. 41(g). The Court finds that the matter is ready for disposition without the need for an evidentiary hearing and, for the reasons given below, recommends that the Defendant's motion be denied.

1

## I. BACKGROUND AND PROCEDURAL HISTORY

In the instant case, the Defendant was charged [Doc. 1] with two counts of possession of controlled substances with intent to distribute on May 18, 2007. The Defendant entered a change of plea on November 18, 2008, without having filed any substantive pretrial motions. The plea agreement [Doc. 45] states that the Defendant was seized and arrested by officers from the Anderson County Sheriff's Department and Oak Ridge Police Department, after fleeing from a traffic stop on May 18, 2007. Based upon this statement of facts, to which the Defendant agreed, it appears that any impoundment of the Defendant's property was by either the Anderson County Sheriff's Department or the Oak Ridge Police Department, not by federal authorities.

On October 25, 2013, the Court ordered [Doc. 108] the Government to respond to the Defendant's motion for return of property. Specifically, the Court directed that

> "[i]n this response, the Government should explain, and support by affidavit or exhibit, the following: (1) Whether federal agents impounded or otherwise seized any of the Defendant's property, aside from controlled substances, at the time of his arrest on May 18, 2007; (2) whether federal agents or the United States Attorneys Office ever took custody of any of the Defendant's property after the Defendant's arrest; and (3) if the Defendant's property seized at the time of his arrest was ever in federal custody, what happened to that property.

[Doc. 108, p.2] On November 21, 2013, the Government filed the requested response [Doc. 109], stating that the Oak Ridge Police Department (ORPD) has possession of the Defendant's Motorola cellular telephone and Motorola wireless headset and is willing to return those items to the Defendant's designee. The Government also relates that according to the ORPD, the State of Tennessee seized and forfeited the $48 in currency. The Government contends that it had no involvement with those forfeiture proceedings and that the Defendant must direct his grievances

regarding those proceedings to the ORPD and the State.

On December 9, 2013, the Government filed [Doc. 111] the affidavit of Task Force Officer (TFO) Brian Yook. In his affidavit [Doc. 111-1], TFO Yook states that he is a TFO with the Drug Enforcement Administration (DEA) and an Investigator with the Oak Ridge Police Department. He states that on May 18, 2007, the Defendant was arrested by Anderson County Sheriff's Office (ACSO) officers. ORPD officers were present assisting with the arrest and investigation. TFO Yook states that he was there assisting with the investigation on behalf of the DEA. At the time of the Defendant's arrest, the ORPD seized a cellular telephone and headset from the Defendant for evidentiary purposes. The ACSO seized $48 cash for forfeiture. TFO Yook states that the cellular telephone and headset no longer have evidentiary value and that the ORPD will return these items to the Defendant or his designee. TFO Yook relates that although the ACSO believes that the $48 was forfeited through state forfeiture proceedings, it does not have full documentation to enable it to establish that the items were properly forfeited. Accordingly, the ACSO will refund $48 to the Defendant or his designee. The Affidavit lists the contact information of persons with whom the Defendant or his designee may arrange the return of the telephone, headset, and $48.

The Government mailed copies of its response and supplemental response to the Defendant. The Defendant has not filed a reply to the Government's response or supplemental response. As of June 26, 2014, the Government reports [Doc. 116], upon the information and belief of AUSA Tracy Stone, that the Defendant and/or his designees have already retrieved or are in the process of retrieving the property the Defendant seeks in his motion.

3

## II. FINDINGS OF FACT

Based upon the Affidavit of TFO Yook as well as the factual basis in the Defendant's Plea Agreement, the Court finds that the Defendant was arrested on May 18, 2007, by officers of the Anderson County Sheriff's Office. At the time of his arrest, a cellular telephone, a headset, and $48 in currency were seized from the Defendant. The Oak Ridge Police Department seized the telephone and headset and retained these items to use as evidence. The Anderson County Sheriff's Office seized the $48, which was ostensibly forfeited through state forfeiture proceedings. Both the Oak Ridge Police Department and the Anderson County Sheriff's Office will return the seized items to the Defendant upon his request or that of his designee.

## III. ANALYSIS

Pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, the Defendant seeks the return of property, which was seized at the time of his arrest. The Court finds that the property seized from the Defendant–a cellular telephone, a headset, and $48 in currency–was not seized by federal agents and was never in the custody of federal agents or the United States Attorney's Office. As such, the Court cannot order the Government to return the property in question. See United States v. Oguaju, 107 F. App'x 541, 542-43 (6th Cir. 2004) (affirming the denial of a Rule 41(g) motion because the Defendant's property was seized by the state of Michigan and there was no evidence that it was ever in the custody of a federal agent or agency). The Defendant's motion [Doc. 104] should be denied. The Defendant will have to seek the return of his property from the ACSO and the ORPD and, indeed, may have already done so.

## IV. CONCLUSION

Based upon the parties filings, in particular the Affidavit of TFO Yook, the Court **RECOMMENDS** that the Defendant's Motion Pursuant to Federal Rule of Criminal Procedure 41(g) for Return of Property [**Doc. 104**] be **DENIED**.[1]  The Clerk of Court is **DIRECTED** to mail a copy of this Order to the Defendant at the address provided on his February 4, 2014 Notice [Doc. 112].

Respectfully submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Crim. P. 59(b)(2) (as amended).  Failure to file objections within the time specified waives the right to review by the District Court.  Fed. R. Crim. P. 59(b)(2); see United States v. Branch, 537 F.3d 582, 587 (6th. Cir. 2008); see also Thomas v. Arn, 474 U.S. 140, 155 (1985) (providing that failure to file objections in compliance with the required time period waives the right to appeal the District Court's order).  The District Court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general.  Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986).  Only specific objections are reserved for appellate review.  Smith v. Detroit Federation of Teachers, 829 F.2d 1370, 1373 (6th Cir. 1987).